UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

GERALD K. UNDERWOOD                                    MOVANT/DEFENDANT

v.                                                    CRIMINAL ACTION NO. 3:94CR-51-S

UNITED STATES OF AMERICA                               RESPONDENT/PLAINTIFF

**MEMORANDUM OPINION**

This matter is before the Court on Movant Gerald K. Underwood's motion to reopen and supplement his motion to vacate sentence under 28 U.S.C. § 2255 (DN 160). The United States filed a response (DN 161), and Underwood filed a reply (DN 162). To the extent Underwood seeks relief under Fed. R. Civ. P. 60(b), the motion will be transferred to the Sixth Circuit Court of Appeals as a second or successive § 2255 motion; to the extent he seeks a writ of *coram nobis*, that request will be denied.

**I. BACKGROUND**

On December 12, 1994, a jury found Underwood guilty on all counts of a four-count indictment charging him with conspiracy to possess with intent to distribute a cocaine base, possession with intent to distribute a cocaine base, use of the United States mail to facilitate the commission of a drug felony, and illegal possession of a firearm by a convicted felon, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 843(b), and 18 U.S.C. §§ 922(g)(1) and 924(e) (DN 79). Thereafter, in March 2005, Underwood was sentenced to 360 months of imprisonment (DN 97). The Sixth Circuit Court of Appeals affirmed the conviction and sentence on September 20, 1996 (DN 119), and the United States Supreme Court denied his petition for writ of certiorari on January 21, 1997 (DN 122).

In October 1997, Underwood filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (DN 128). The Court denied the § 2255 motion on December 12, 1997 (DN 137). Years later, in August 2000, Plaintiff sought permission to file a second/ successive petition in the Sixth Circuit. *See* Docket # 00-6113. The Sixth Circuit denied the motion by Order entered December 4, 2001. Subsequently, in July 2004, Underwood filed a Rule 60(b) motion for relief from judgment in this Court (DN 151), which the Court construed as a second or successive § 2255 motion to vacate, set aside, or correct sentence and transferred to the Sixth Circuit Court of Appeals for consideration (DN 156; Appellate Docket # 05-5193). By order entered March 15, 2005, the Sixth Circuit granted Underwood's motion to voluntarily dismiss the action.

In the present motion to reopen and supplement, Underwood seeks relief under Fed. R. Civ. P. 60(b), or, in the alternative, by way of a writ of *coram nobis*. In support, he claims,

> [T]he United States Supreme Court and the circuit courts have recently issued a series of opinions which directly impact the convictions and sentences in this instant case. These issues were not recognized at the time of Petitioner's trial, and during the filing of his habeas corpus and was therefore unavailable for inclusion therein. Thus, these issues should be heard to prevent a manifest injustice.

He continues that he is entitled to relief from judgment "because evidence exists beyond a reasonable doubt that the judgment and orders were obtained in violation of due process; . . . in violation of the Constitution and laws of the United States; . . . by misinterpretation of statute /; and . . . in excess of the court's jurisdiction, thus, rendering any judgment and orders void as a matter of law." (emphasis omitted).

2

## II. ANALYSIS

### A. *Rule 60(b) motion for relief from judgment*

The Court must first determine whether the Rule 60(b) motion is truly a Rule 60(b) motion for relief from judgment or, effectively, a second or successive motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court addressed the issue of whether Rule 60(b) motions filed in habeas proceedings under 28 U.S.C. § 2254[1] are subject to the additional restrictions that apply to second or successive petitions under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") codified at 28 U.S.C. § 2244(b). The Supreme Court explained that a critical factor in determining whether a Rule 60(b) motion is actually an unauthorized second or successive habeas petition is whether the motion presents a "claim." *Gonzalez*, 545 U.S. at 530. A claim "is an asserted federal basis for relief from a state court's judgment of conviction." *Id.* "When no 'claim' is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application." *Id.* at 533.

> In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief, . . . will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim *on the merits*,[2] since

---

[1] Although the Supreme Court limited its decision to § 2254 cases, the Sixth Circuit recently adopted the reasoning from *Gonzalez* and applied it to § 2255 motions. *See In re Nailor*, 487 F.3d 1018, (6th Cir. 2007).

[2] The Supreme Court explained,

> The term "on the merits" has multiple usages. We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C.

3

>alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

*Id.* at 532.

Here, Underwood bases his Rule 60(b) motion on a series of recently issued opinions by the U.S. Supreme Court and circuit courts "which directly impact the convictions and sentences in this instant case [and which] were not recognized at the time of [his] trial, and during the filing of his habeas corpus." The Court concludes that Underwood has alleged a new "claim" under *Gonzalez* and that the Rule 60(b) motion is, therefore, the equivalent of a second or successive § 2255 motion. *See Gonzalez*, 545 U.S. at 531 (advising that a Rule 60(b) motion contending "that a subsequent change in substantive law is a 'reason justifying relief' from the previous denial of a claim. . . . is in substance a successive habeas petition and should be treated accordingly") (internal citations omitted).

"Before a second or successive application . . . is filed in the district court," however, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255 ¶ 8 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals. . . ."); *see also In re Hanserd*, 123 F.3d 922, 934 (6th Cir. 1997)

---

>§§ 2254(a) and (d). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.

*Gonzalez*, 545 U.S. at 532 n.4 (citations omitted).

4

(explaining that "[i]nmates who wish to file a second or successive motion to vacate sentence should first file a motion in [the Sixth Circuit] requesting permission under 28 U.S.C. §§ 2244, 2255"). Because Underwood has failed to obtain panel certification prior to filing the instant motion, the Rule 60(b) motion will be transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]e hold that when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

## B. *Petition for writ of coram nobis*

Underwood alternatively seeks *coram nobis* relief. "*Coram nobis* is an extraordinary writ, used only to review errors of the most fundamental character- *e.g.*, errors rendering the proceedings themselves invalid." *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001). "To be entitled to relief, the petitioner must demonstrate (1) an error of fact; (2) unknown at the time of trial; (3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known." *Id.* "In addition, the writ of *coram nobis* is available only 'when a § 2255 motion is unavailable-generally, when the petitioner has served his sentence completely and thus is no longer in custody as required for § 2255 relief.'" *Id.* (quoting *Blanton v. United States*, 94 F.3d 227, 231 (6th Cir. 1996) (internal quotation marks omitted)). Consequently, a prisoner in custody, like Underwood, is barred from seeking *coram nobis* relief. *Id.*; *Muhammad v. United States*, 76 Fed. Appx. 45, 46 (6th Cir. 2003) ("Although § 2255 relief is no longer available to him. . . . [a]s a prisoner in custody, Muhammad is barred

5

from seeking a writ of error coram nobis."); *United States v. Butler*, 295 F. Supp. 2d 816, 820 (S.D. Ohio 2003) (same).  The request for such relief will be denied.

   The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc: Movant, *pro se*
   United States Attorney
4411.005